UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 7:07-cr-23-GFVT-EBA |
| Plaintiff/Respondent, ) | Civil Action No. 7:12-cv-07204-GFVT-EBA |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| OCEANUS PERRY, ) | **&** |
| ) | **ORDER** |
| Defendant/Petitioner. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Petitioner Oceanus Perry's pro se Motion to Vacate his sentence under 28 U.S.C. § 2255, [R. 321], as well as his Motion for "Discovery, Inspection and Expansion of the Record," [Tr. 323], and his Motion for an Evidentiary Hearing, [R. 324]. Consistent with local practice, this matter was referred to Magistrate Judge Edward B. Atkins, who filed a Report and Recommendation on November 29, 2012, recommending that Perry's motions be denied. [R. 340 at 21].

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at \*2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health*

*and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Perry filed timely objections to the Recommendation. [R. 346]. On February 25, 2013, he also filed an "Amendment to Objections to Magistrate's Report and Recommendations" with supplemental objections. [R. 349]. He raises some factual objections to the magistrate's account, as well as several objections that largely re-argue the points asserted in his initial petition. Finally, he raises an ostensible new claim for habeas relief in his objections. Although most of his objections are not sufficiently specific under the above criteria, the Court acknowledges its duty to review Perry's filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under a more lenient construction, Perry's ostensible new claim and his objections are sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Perry's objections will be OVERRULED.

I

Oceanus Perry, then an inmate at Big Sandy United States Penitentiary in Inez, Kentucky, was involved in a prison fight on September 17, 2007, with three other inmates and three prison guards. [Sixth Circuit Opinion on Direct Appeal, R. 291 at 1-2]. During the assault, which was captured on prison surveillance video, another inmate handed Perry a six-inch metal weapon sharpened to a point (commonly known as a shank); the video shows Perry placing that object on the ground nearby before entering the fight. [*Id.* at 2-3]. Perry was charged with forcibly assaulting, or aiding and abetting the assault of, the officers and inflicting bodily injury on them while the officers were engaged in the performance of their official duties, in violation of 18

U.S.C. § 111(a). [R. 96]. Perry was also charged with knowing possession of a prohibited object intended to be used as a weapon, in violation of 18 U.S.C. § 1791(a)(2), (b)(3). [*Id.*]. The case proceeded to trial, and the jury found Perry guilty on both counts. [R. 200].

This court denied Perry's motions for a judgment of acquittal and for a new trial. [R. 253]. On direct appeal to the Sixth Circuit, Perry challenged, among other issues, the methodology for selection of the jury pool; the allegedly prejudicial effect of the restraints he wore during trial; the Government's alleged withholding of exculpatory evidence; the allegedly duplicitous indictment and corresponding jury instructions; and the application of the career criminal enhancement in calculating his sentencing guideline range as mandatory despite his reading of *Booker*. [*Perry v. United* States, No. 08-6219, Perry's Pro Se Supplemental Brief, R. 58 at 4-6; *Perry*, Appellant Br., R. 66]. The Sixth Circuit affirmed his conviction and sentence and denied those claims of error. [R. 291]. The Supreme Court denied certiorari. [R. 294].

On March 15, 2012, Perry filed the instant Motion to Vacate under 28 U.S.C. § 2255. [R. 321]. As Judge Atkins noted in his Recommendation, Perry raises seven grounds for relief:

1. The indictment and resulting jury instructions under which he was convicted were duplicitous and lacked necessary statutory language making them "fundamentally deficient and impermissibly vague." [Record No. 321-1, at 2];

2. The instructions given to the jury were incorrect and eliminated the jury's ability to find Perry innocent. [Record No. 321-1, at 6-7];

3. The [allegedly] visible extra security measures taken to restrain the Defendants resulted in a violation of due process. [Record No. 325, at 7];

4. The government destroyed exculpatory evidence in violation of his due process rights. [Record No. 325, at 15];

5. The jury was selected from a pool chosen in violation of jury selection policy resulting in the systematic exclusion of minorities. [Record No. 325, at 23];

6. The Court imposed a sentence that was unconstitutional as it failed to add written rulings on objections to Perry's Presentence Report, failed to consider

3

>certain 18 U.S.C. § 3553 factors, and treated the career criminal enhancement
>under the sentencing guidelines as mandatory. [Record No. 337, at 3]; and

[R. 340 at 4-5]. As for his seventh ground, Perry brought a number of ineffective assistance of counsel claims, which Judge Atkins identified as follows:

>Perry's trial counsel was ineffective by failing to object to the jury instructions
>and the government's closing, failing to call a medical expert as a witness and call
>a subpoenaed witness, failing to conduct an adequate pretrial investigation, giving
>a closing argument that contradicted the defense presented previously during trial,
>having a conflict of interest due to personal circumstances, and failing to exclude
>a juror. [Record Nos. 321-1, at 10-11, & 325, at 2-3].

[*Id.*] Perry also filed motions for discovery and for an evidentiary hearing. [R. 323, 324]. Judge Atkins recommended that Perry's § 2255 petition, as well as his other motions, be denied. [R. 340 at 15].

On January 2, 2013, Perry filed timely objections[1] to the Recommendation. [R. 346]. On February 25 of that year, he also filed "Amendment to Objections to Magistrate's Report and Recommendations" containing supplementary objections. [R. 349]. In addition to some factual objections, Perry generally objects to Judge Atkins' conclusions on his claim regarding jury selection and his claim regarding the form of the indictment and corresponding jury instructions. [R. 346]. In his amended objections, Perry also challenges the Magistrate's conclusions on his claims relating to the restraints worn during trial and destruction of evidence, and his career criminal enhancement under the sentencing guidelines.[2] He also objects to, and ostensibly brings a new claim regarding, judicial bias. Finally, when arguing that the magistrate misconstrued his career criminal enhancement argument, he also appears to set forth a newly asserted ineffective

---

[1] After Perry notified the Court that he had not received a copy of the Report and Recommendations, [R. 342], Judge Atkins ordered the Clerk to mail Perry another copy on December 13, 2012. [R. 343]. His objections were timely filed on January 2, 2013, after receipt of that copy and pursuant to the prison mailbox rule. *Houston v. Lack*, 487 U.S. 266, 273 (1988).

[2] The other issues raised in Perry's amended objections are duplicative of those mentioned in his initial Objections.

assistance of counsel claim. [R. 346 at 4-7; R. 347]. Perry did not object to Judge Atkins' recommendations as to any of his original ineffective assistance claims.

Judge Atkins' Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case and the applicable standard of review for granting habeas relief pursuant to § 2254(d). Except for what the Court supplements in its discussion below, the Court incorporates his discussion of the record and the standard of review into this Order.

II

A

Perry's § 2255 motion included a number of claims that, as Judge Atkins noted, were largely argued and addressed in Perry's direct appeal to the Sixth Circuit. Perry's objections to those claims appear in his timely-filed Objections, [R. 346], and some appear in his "Amendment to Objections" filed on February 25, 2013, [R. 349]. The Court considers them together, and determines that each are without merit.[3]

1

Perry first claims that the Magistrate "misconstrued" his jury selection claim. [R. 346 at 4]. In his Objections, he describes his claim as an allegation that the jury selection process "resulted in an inaccurate representation of minorities and unlawful repetitive service" that led to bias. [*Id.*] At trial, the jury panel was composed entirely of white persons, with the exception of one Hispanic; counsel moved for a new trial under *Batson*, but that motion was denied. The Sixth Circuit affirmed and concluded that the panel of potential jurors and the process by which they were called represented a "fair cross section of the community in the district or division wherein

---

[3] Although Perry's *pro se* supplemental objections in his "Amendment to Objections" are untimely, the Court finds, as described below, that those objections can be overruled on the merits.

the court convenes," namely, the counties surrounding London, Kentucky. 28 U.S.C. § 1861; LR 18.1(a)(3)(A). Contrary to Perry's suggestion, the Magistrate has accurately characterized this claim[4] and correctly noted that the argument, in the context of counsel's overruled *Batson* challenge after trial, had already been raised and addressed on direct appeal before the Sixth Circuit. [R. 346 at 9]; *United States v. Perry*, 401 F. App'x 56, 65-66 (6th Cir. 2010), [R. 291]. Without citing any legal authority, Perry reiterates the same argument raised in his petition and objects to the Magistrate's conclusion. [R. 346 at 4]. This Court has reviewed the record, including the briefs before the Sixth Circuit on direct appeal, and can find no legal error in the Magistrate's conclusion that Perry cannot relitigate this issue since he had made no showing that highly exceptional circumstances, such as newly discovered evidence or an intervening change in law. [R. 340 at 5 (citing *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)); *see also id.* at 9-10]. Perry's objection to the Magistrate's conclusion on this ground is without merit.

2

Perry next claims that the Magistrate "misapplied the law" when he concluded that Perry's claim regarding the allegedly duplicitous indictment, and corresponding jury instructions, was barred from relitigation in this motion for post-conviction relief. Specifically, Perry argued that the indictment was duplicitous in that it charged separate crimes (18 U.S.C. § 111 (assaulting a federal officer) and 18 U.S.C. § 2 (aiding and abetting)) in the same, single count. He claims that this exposed him to potential double jeopardy and, as to the jury instructions, was confusing for the jury. He restates the same arguments that were raised by his appellate counsel on direct

---

[4] [R. 340 at 9 (noting that Perry argued that "the jury selection process employed in his case resulted in a jury that did not represent a fair cross-section of the community and systematically excluded African Americans.")].

appeal, [*see Perry v. United States*, No. 08-6219, Appellant Br., R. 66 at 8], and in his initial petition, [R. 321-1 at 2-8]. The Sixth Circuit specifically rejected these arguments when it determined on Perry's direct appeal that "since the criminal liability for principals and aiders and abettors is identical, *see* 18 U.S.C. § 2, there is no requirement that a jury unanimously find each [defendant] was either a principal or an aider and abettor." *Perry*, 401 F. App'x at 62; [*see also* R. 291]. The Magistrate concluded that since Perry had presented no evidence of extraordinary circumstances warranting reconsideration, the Sixth Circuit's determination was binding, and Perry was barred from relitigating this issue. [R. 340 7-8; see id. at 5 (citing *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999) for the proposition that "a petitioner may not use a § 2255 motion, absent highly exceptional circumstances, to relitigate an issue that was raised and considered on direct appeal."). Again, Perry has not presented a specific objection nor provided a showing of "exceptional circumstances" in his Objections, but merely disagrees with the Magistrate's conclusion. The Court has reviewed the record on direct appeal and in this § 2255 action, and finds that the Magistrate's conclusion is not in error. Perry's objection to the Magistrate's conclusion on this ground is meritless.

3

Perry next claims that the restraints he wore during trial were prejudicial and that the government destroyed or withheld exculpatory evidence in violation of *Brady* and his Due Process rights. He provides no specific objection, but again objects to the Magistrate's conclusion, reiterating the argument articulated in his petition and by his appellate counsel on direct appeal. This claim, too, was considered and rejected by the Sixth Circuit on direct appeal. *Perry*, 401 F. App'x at 64 ("Perry has not demonstrated prejudice from the use of restraints at trial"); *id.* at 65 (finding no error in the district court's decision to deny Perry's motion for a new

7

trial on the ground that the government withheld evidence). Judge Atkins again determined that because these issues had been resolved on direct appeal, and because Perry had not shown any changed circumstances, the issues were not subject to relitigation. [R. 340 at 9-10]. Perry restates this conclusion and standard in his Objections, but he again provides no grounds for reconsideration of this issue. [R. 349 at 2 (stating that "Movant preserves all aspects and presedents [sic] of claims raised in his 2255 brief.")]. Having conducted a thorough review of the record, and without any indication of changed or extraordinary circumstances, the Court finds that there is no legal or factual error in the Magistrate's conclusion as to these claims.

4

Similarly, Perry claimed in his initial petition that the career criminal enhancement under the United States Sentencing Guidelines. He argued in his petition, first, that the Court erred by treating the career criminal enhancement under the guidelines as mandatory despite his reading of *Booker*; his petition also claims that the Court erred by failing to issue written rulings on his objections to the Presentence Report, and by failing to consider all of the factors under 18 U.S.C. § 3553. [R. 340 (citing R. 337 at 3)].

Perry raised the first of these three arguments in a supplemental pro se brief filed with the Sixth Circuit on direct appeal. [*Perry v. United States*, No. 08-6219, R. 58 at 4-6]. The Sixth Circuit noted his arguments, but specifically found that "the district court did not err in calculating Perry's sentencing guidelines." *Perry*, 401 F. App'x at 66. The Magistrate again determined that the Sixth Circuit's ruling on this point foreclosed any relitigation of these issues in his § 2255 motion, and Perry had made no showing of changed circumstances. [R. 340 at 10]. As to this first argument relating to *Booker*, Perry's Objections provide no grounds for reconsideration in this post-conviction proceeding. Perry has not made showing of "extraordinary

8

circumstances" on this point, and the Court agrees with the Magistrate's conclusion that this claim, which was already resolved on direct appeal, is not subject to relitigation.

As to the latter claims, which were not raised in his *pro se* supplemental brief before the Sixth Circuit, Judge Atkins determined that Perry had procedurally defaulted since he failed to raise these statutory challenges to his sentence on direct appeal. Perry now claims in his objections that the failure to raise those claims on direct appeal was "due to no fault of his own," but of his attorney, thereby establishing exceptional circumstances. [R. 349 at 3].

For statutory claims brought under § 2255, "(1) petitioners may not raise in collateral attacks statutory issues that could have been raised on appeal, and (2) any statutory claims that could not have been raised on appeal are permissible only if they satisfy the 'fundamental defect' test," which considers whether the claimed error of law was "'a fundamental defect which inherently results in a complete miscarriage of justice' and whether '[i]t ... present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Logan*, 434 F.3d at 508 (citing *Davis v. United States*, 417 U.S. 333, 346 (1974); *Sunal v. Large*, 332 U.S. 174 (1947); *Stone v. Powell*, 428 U.S. 465 (1976)). As the Magistrate noted, "[s]entencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion." [R. 340 at 11 (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))]. Perry could have raised these procedural and statutory challenges to the district court's sentencing on appeal, but he failed to do so. *Logan v. United States*, 434 F.3d 503, 508 (6th Cir. 2006) ("[P]etitioners may not raise in collateral attacks statutory issues that could have been raised on appeal."). Indeed, he challenged other aspects of his sentence in that setting. Nor has Perry made any showing that these alleged errors reflect a "complete miscarriage of justice" or the "exceptional circumstances" that warrant habeas relief. *Logan*, 434 F.3d at 508. That Perry's

9

counsel and representative, rather than Perry himself, declined to raise this issue on appeal does not change this result. The Court therefore agrees with the Magistrate that, without a showing of exceptional circumstances, Perry's procedural default as to these two claims bars habeas relief on these grounds.

B

In his supplemental objections, Perry states that he objects to the undersigned presiding over "the adjudication of this entire matter" since he was a former United States Attorney who worked in the same office as Assistant United States Attorney Patrick Molloy, the attorney who prosecuted Perry's case and the trial below. [R. 349 at 1]. Perry cites no authority for his argument, but the Court will liberally construe this as a claim that the undersigned should have recused pursuant to 28 U.S.C. § 455. That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Importantly, there is no indication in the record that Perry raised this issue at trial or on direct appeal, and his initial § 2255 petition contains no reference to this argument. A § 2255 motion does not substitute for a direct appeal, and, again, Perry has shown no cause or prejudice for raising the issue at this late posture. *United States v. Adkins*, No. 5:03-CR-102-KSF, 2012 WL 1068762, at *5 (E.D. Ky. Feb. 22, 2012) *report and recommendation adopted*, No. CIV.A. 08-7033-KSF, 2012 WL 1232003 (E.D. Ky. Apr. 12, 2012) (dismissing a judicial bias claim not raised in direct appeal on grounds of procedural default, though also addressing the merits).

Even if Perry has not procedurally defaulted on this claim, it still fails on the merits. The statute provides, first, that a judge who previously served in governmental employment must disqualify himself if he "*participated as counsel* . . . concerning the [instant] proceeding or

expressed an opinion concerning the merits of the particular case or expressed an opinion concerning the merits of the particular case in controversy." § 455(b)(4) (emphasis added); *see also Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995) (noting that the predecessor statute to § 455 provided: "[A]ny ... judge of the United States shall disqualify himself in any case in which he ... has been *of counsel*." (citing *United States v. Gipson,* 835 F.2d 1323, 1326 (10th Cir. 1988)). The undersigned, however, had left his position as United States Attorney some two years before Perry was indicted, and at any rate, did not participate in his capacity as U.S. Attorney in Perry's case; Perry has provided no evidence to the contrary. Moreover, Perry has provided no evidence that the Court's past professional relationship with AUSA Molloy, without more, led to even the appearance of impropriety, or that the Court had any involvement or knowledge of Perry's case that would give "a reasonable and objective person, knowing all of the facts, [grounds to] harbor doubts concerning the judge's impartiality." *United States v. Jordan,* 49 F.3d 152, 155 (5th Cir.1995) (citing *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 860–61 (1988)); *see United States v. Rea-Tapia*, 134 F. App'x 711, 713 (5th Cir. 2005) (rejecting a habeas petitioner's argument that a judge, who was formerly an AUSA in the office that later prosecuted one of the petitioner's cases, should have recused herself, since she had not "participated" in the case, and there was no showing of an appearance of impropriety under § 455(a)).

To the extent Perry's *pro se* claim is constitutional in nature, the Supreme Court has explained that the fair trial required under the Due Process clause includes the "absence of actual bias in the trial of cases." *In re Murchison*, 349 U.S. 133, 136 (1955). A due process claim of judicial bias requires a defendant to show actual bias or that "'an appearance of bias created a conclusive presumption of actual bias.'" *Adkins*, 2012 WL 1068762, at *6 (E.D. Ky. Apr. 12, 2012) (citing *Getsy v. Mitchell,* 456 F.3d 575 (6th Cir.2006)). Aside from pointing out that the

11

undersigned worked in the same office as AUSA Molloy, Perry has made no showing that any actual bias or even an appearance of bias existed.  Since he fails to satisfy the stringent burden, his objection on this ground is without merit.

C

Perry presents another "objection" that is more accurately construed as a new claim.  He contends that the Magistrate misconstrued his claim for habeas relief relating to the effect of *Booker* on his career criminal enhancement under the sentencing guidelines.  [R. 347 at 4].  Although, as discussed above, the only argument relating to *Booker* or his enhancement in his initial petition focused only on a challenge to his *sentence*, Perry's Objections allege – for the first time – that his *counsel erroneously advised him* of that enhancement and induced him to decline the plea agreement and proceed to trial.

Referencing Judge Atkins' list of his ineffective assistance of counsel claims on page 5 of the Recommendation, Perry specifically argues that he "provided evidence of record substantiating that counsel was ineffective at the plea stage and at the sentencing stage. In particular, counsel advised Perry that the career offender was not affected by BOOKER."  [Def.'s Objections, R. 346 at 4].  Perry goes on to allege:

> Upon the first conference between Perry and counsel, Perry inquired about possible plea agreements. Attorney D. Waggener advised Perry that he qualified for the career offender enhancement. Perry specifically mentioned that BOOKER made the sentencing guidelines advisory. Counsel told Perry that BOOKER made the sentencing guidelines advisory according to his understanding. Counsel repeatedly told Perry that BOOKER had no effect on mandatory enhavcements [sic] such as the career offender enhancement. As a result, there would be very little difference in the final sentence whether or not Perry went to trial.  This is a plain example of misadvice.  This misadvice affected Perry's decision to procede [sic] to trial and ultimately led to a substantial increase in sentence. Counsel's conduct was objectjetivly [sic] unreasonable and fails the STRICKLAND test.

[*Id*. at 5]. He claims that based on this "misadvice," he rejected the plea deal and proceeded to trial, where he received "approximately twice that presented by A.U.S.A. Marshal during the conference." [*Id.*] Perry also filed an "Affidavit of Counsel's Conduct" along with his Objections, stating in significant part, "Attorney Waggener advised me to go to trial since I had little to loose [sic] in the manner of additional sentence." [R. 347 at 1].

Perry's objection ostensibly claims that the Magistrate misinterpreted his claim on this ground as one based on his sentence rather than one based on ineffective assistance. He claims that the Magistrate therefore "misapplied the law" when he determined that Perry's challenge to the sentence was resolved on direct appeal and was therefore barred on procedural grounds. [R. 346 at 4; R. 340 at 10].

Perry's initial petition, however, contains no reference to an ineffective assistance claim on these grounds, nor any basis upon which an ineffective assistance claim on these grounds might have been inferred. [*See* Def.'s Pet'n, R. 321-1 (itemizing Perry's ineffective assistance claims)]. Indeed, a claim on these grounds is not included in his itemized list of ineffective assistance claims found in his petition. [R. 321-1 at 10-11, 11-19]. As has been discussed, in both his prior direct appeal before the Sixth Circuit and his instant § 2255 petition before this Court, Perry *did* argue that the application of a career offender enhancement was improperly treated as mandatory in his guidelines calculation and ultimate sentence. [Def.'s Pet'n, R. 321-1 at 7-8; *see* Sixth Circuit Opinion, R. 291 at 17 (rejecting Perry's guidelines calculation argument); Magistrate's Report and Recomm., R. 340 at 10-11 (recommending denial on procedural default grounds)]. That argument, however, was never raised in the context of ineffective assistance. Ostensibly, then, Perry has raised a new claim in his objections to the Magistrate's Report and Recommendation.

13

"An ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). As such, the doctrine of procedural default does not apply here. The Court therefore considers whether Perry's newly asserted claim is timely at this stage in his post-conviction proceedings.

Perry has not sought leave to file an amended petition, and this new ground for relief was raised well after the Government responded to his original motion and the Magistrate's Recommendation was filed. Even if the Court were to construe Perry's Objections as an attempt to amend his habeas petition, however, amendment would be futile. The amended claim, first, is time-barred because it falls outside the one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA). Relevant here, 28 U.S.C. § 2255(f)(1) provides that the one-year limitation period shall run from the date on which the judgment of conviction becomes final. Perry's direct appeal of his conviction became final when the Supreme Court denied his petition for certiorari on March 8, 2011. [R. 294]. His timely § 2255 motion, postmarked on March 8, 2012, was filed in the record on March 15. [R. 321-6]. This putative amended claim was filed in his Objections on January 2, 2013, nearly a year after the one-year period elapsed. [R. 346].

Nor does the newly asserted claim relate back to Perry's original § 2255 motion. Federal Rule of Civil Procedure 15 applies to federal habeas proceedings. *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005) (citing Habeas Corpus Rule 11; Fed. R. Civ. P. 81(a)(2)). Under that rule, "[a]n amendment to a pleading relates back to the date of the original [petition] when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The

14

Supreme Court has explained that the "same conduct, transaction, or occurrence" standard is construed somewhat more strictly in the unique context of habeas cases. *Mayle*, 545 U.S. at 661. An amended habeas claim does not automatically relate back merely because it arose out of the same trial, conviction, or sentence. *Id*. at 662. In *Mayle*, the Court sided with the majority of circuits, which hold that a newly asserted habeas claim will *not* relate back if it asserts "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 657 (internal quotation marks and citations omitted); *see also, e.g.*, *Pinchon v. Myers*, 615 F.3d 631, 643 (6th Cir. 2010).

The majority of circuits that have confronted the issue agree that, under the principle in *Mayle*, "one claim of ineffective assistance does not automatically relate back to another simply because the two claims both rest on a violation of the Sixth Amendment." *United States v. Gonzalez*, 592 F.3d 675 (5th Cir. 2009); *see also United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006); *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005); *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999); *Lott v. Prelesnik*, No. 1:08-CV-481, 2012 WL 1029217, at *3 (W.D. Mich. Mar. 26, 2012); *Collier v. United States*, No. 1:06-CR-57, 2011 WL 703932, at *8 (E.D. Tenn. Feb. 17, 2011). For instance, in *Ciampi*, the petitioner's amended claim alleged that his counsel was ineffective during the plea process by failing to discuss the fact that acceptance of the plea agreement would constitute a waiver of his appeal and habeas corpus rights, and by failing to discuss whether or not he had a viable appeal on one count of his conviction. 419 F.3d at 23. The ineffective assistance claim in his original petition alleged that his counsel failed to investigate certain misrepresentations allegedly made in the indictment. *Id.* at 24. The Court held that the

15

new claims were based on "an entirely distinct type of attorney misfeasance" than his original ineffective assistance claim, and it found his new claims did not relate back.

First, then, Perry's new ineffective assistance claim does not relate back simply because he has alleged other timely ineffective assistance claims. *E.g.*, *Gonzalez*, 592 F.3d 675. The Court must therefore consider whether his new plea-stage claim is contains factual allegations of the same "time and type" as those ineffective assistance claims in his initial petition. Perry's original petition clearly itemizes his numerous ineffective assistance claims. [R. 321-1 at 10-18]. The bulk of the original claims relate to allegedly unreasonable conduct during trial. [R. 321-1 at 10-16 (failing to object to jury instructions; failing to object to the government's closing arguments; failing to call certain witnesses; giving a closing argument that contradicted the defense presented previously during trial; having a conflict of interest; and failing to exclude a juror)]. One claim relates to pretrial conduct in connection with investigatory efforts. [*Id.* at 16-18 (failing to conduct an adequate pretrial investigation that Perry claims would have led to "discovery of exculpatory evidence, impeachment witnesses, suppression of evidence, and [Perry's] familiarity with the surveillance video")]. However, none of these claims, much less any factual allegations or inferences contained in the original petition, relate to the plea process that forms the basis of his newly asserted claim. Indeed, no allegation in the petition reflects the statements made by his counsel at the plea stage. His claim relating to his attorney's advice at the plea agreement stage is, then, "different in time and type" from his claims relating to his counsel's conduct at trial or pre-trial investigatory efforts. *Mayle*, 545 U.S. at 657. Because it does not arise out of the same core set of operative facts as the claims in his original petition, the purported amended claim in Perry's Objections cannot relate back under Rule 15(c).

Perry, who did not formally seek leave to amend his petition, does not argue that equitable tolling is applicable. Nonetheless, the Court has considered this issue and concludes that tolling does not save Perry's newly asserted claim. A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citation and internal quotation marks omitted); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011). Perry, however, has not made any suggestion or pointed to any evidence of some extraordinary circumstance that prevented him from raising this argument in his initial petition. *Accord, e.g.*, *Collier v. United States,* 2011 WL 703932, at *8-9. Indeed, he was able to timely raise a number of ineffective assistance claims in his initial petition. His purported new claim is not saved from the statute of limitations bar on this ground either, and it cannot be a basis for affording him habeas relief.

D

Finally, Perry raises a handful of factual objections to the recitation of the facts underlying the offense conduct in the Magistrate's Recommendation. [R. 346 at 3-4]. The Magistrate incorporated that factual account verbatim from the Sixth Circuit's opinion. [R. 340 at 1-4 (quoting *United States v. Perry*, 401 F. App'x 56, 57-59 (6th Cir. 2010))]. None of these factual objections, which relate to the events surrounding the assault, have any impact on the Magistrate's legal analysis.[5] As such, none of those factual objections, even if taken as true, would warrant habeas relief, and none creates a factual dispute requiring an evidentiary hearing.

---

[5] Perry specifically disputes whether the officers escorted the three inmates down the stairs prior to the fight or came down the stairs separately; whether the video shows that Perry dropped two items by the stairwell; whether Perry testified that Officer Bussey told Perry that he would snap Perry's neck, which Perry denies; and whether a physician or an officer himself testified that the officer's airflow was severely restricted. [R. 346 at 3-4].

*See Mathews v. United States,* 11 F.3d 583, 584-85 (6th Cir.1993). Perry's factual objections are without merit.

### III

In conclusion, after reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court is in agreement with Judge Atkins' analysis of the claims that are the subject of Perry's objections. As to the several ineffective assistance of counsel claims to which Perry raised no objection, the Court also agrees with the Magistrate's conclusion that Perry failed to satisfy the *Strickland* standard on any of those claims presented in his petition. Finally, the Court agrees with Judge Atkins' conclusion that Perry is not entitled to an evidentiary hearing or discovery in the matter, another issue on which Perry filed no objection.

The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . ." Rules Governing Section 2254 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this Order, which adopts and incorporates by reference the Magistrate Judge's recommended disposition, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

    1.    The Petitioner's Objections and Amended Objections to the Magistrate's Report

and Recommendation [R. 346, 349] are **OVERRULED**;

      2.      The Magistrate Judge's Report and Recommendation [**R. 340**] is **ADOPTED** as and for the opinion of this Court;

      3.      The Petitioner's § 2255 Petition [**R. 321**] in is **DISMISSED WITH PREJUDICE**;

      4.      A Certificate of Appealability is **DENIED** as to all issues raised by Petitioner; and

      5.      **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 30th of September, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge