UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO: 7:7-cr-23-GFVT-EBA-4
(Related Civil No. 7:12-cv-7204-GFVT)

UNITED STATES OF AMERICA,                                            PLAINTIFF,

v.            **MAGISTRATE JUDGE'S
              REPORT AND RECOMMENDATION**

OCEANUS PERRY,                                                       DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

This matter is currently before the undersigned on Defendant Oceanus Perry's Motion for Leave to File Second and Successive § 2255 Under Johnson Case. [R. 369]. Defendant seeks leave to file a second petition under 28 U.S.C. § 2255, having previously filed such a petition on March 15, 2012. [See R. 321]. Upon review of the record, the Court recommends that this matter be transferred to the Court of Appeals for the Sixth Circuit.

Under 28 U.S.C. § 2244(b)(3)(A), before a district court can consider a second or successive habeas petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. In reviewing this portion of AEDPA, the Supreme Court has noted:

> [AEDPA] requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court. But this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b).

Felker v. Turpin, 518 U.S. 651, 664 (1996). The Supreme Court has held that, "under AEDPA, [a petitioner] was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it." Burton v. Stewart, 549 U.S. 147, 153 (2007).

1

The Defendant in this case originally filed a § 2255 motion in the Eastern District of Kentucky on March 15, 2012. [R. 321]. The Magistrate Judge recommended that the petition be denied, [R. 340], and the District Judge adopted that recommendation on September 30, 2015. [R. 358]. On June 20, 2016, Defendant sought leave to file a second and successive § 2255 petition in light of the U.S. Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). [R. 369]. Defendant explains he was sentenced under U.S.S.G. § 4B1.1, and having learned that his career criminal sentencing enhancement under the guidelines could possibly now be invalidated in light of Johnson and United States v. Darden, 605 F. App'x 545 (6th Cir. 2015) (held that Johnson also invalidates the Guidelines' residual clause), he now seeks leave to file a Johnson-based petition for habeas relief from his sentence. See generally [R. 369].

Thus, Defendant clearly wishes to file a second or successive habeas petition, and has requested leave to do so. However, the screening function for successive petitions has been statutorily vested in the court of appeals, thus depriving this court of jurisdiction to hear Defendant's case. In order to cure this lack of jurisdiction, the Sixth Circuit counsels that:

> when a prisoner has sought § 2244(b)(3) permission from the district court, *or when a second or successive petition for habeas relief* or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court *shall* transfer the document to this court pursuant to 28 U.S.C. § 1631.

In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (emphasis added). The panel in Sims expressly noted that some district courts were dismissing the petitions for lack of jurisdiction; the panel held that, when faced with what appears to be a successive petition, a district court shall transfer the case instead of dismissing it. Id. (citing Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996)).

Here, Defendant has not been granted authorization for a successive petition under § 2244(b)(3)(A). Rather, Defendant has requested the Court's permission to file a second § 2255 petition, but pursuant to 28 U.S.C. § 2244(b)(3)(A), he "shall *move in the appropriate court of appeals* for an order authorizing the district court to consider the application" (emphasis added).

2

Accordingly, the undersigned RECOMMENDS that this matter be TRANSFERRED to the Sixth Circuit pursuant to 28 U.S.C. § 1631, for a determination of whether Defendant Oceanus Perry should be granted authorization to file a second or successive petition.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 23, 2016.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge