UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO: 7:7-cr-23-GFVT-EBA-4
(Related Civil No. 7:12-cv-7204-GFVT)

UNITED STATES OF AMERICA,                                         PLAINTIFF,

v.                    **MAGISTRATE JUDGE'S SUPPLEMENTAL**
                      **REPORT AND RECOMMENDATION**

OCEANUS PERRY,                                                    DEFENDANT.

*** *** *** *** ***

On June 20, 2016, this matter came before the undersigned on Defendant Oceanus Perry's Motion for Leave to File Second and Successive § 2255 Under Johnson Case.  [R. 369]. Defendant sought leave to file a second petition under 28 U.S.C. § 2255, having previously filed such a petition on March 15, 2012.  See [R. 321].  Under 28 U.S.C. § 2244(b)(3)(A), before a district court can consider a second or successive habeas petition, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Id.  Accordingly, and upon review of the record and Defendant's underlying claims, the Court issued a Report and Recommendation, [R. 370], recommending that the matter be transferred to the Court of Appeals for the Sixth Circuit to determine whether Defendant is authorized to file his successive petition for habeas relief in the district court.

However, on June 27, 2016, Defendant prematurely filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255, [R. 374], setting forth the claim that his sentence enhancement as a "career offender" under U.S.S.G § 4B1.1 has been invalidated in light of the U.S. Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015).  As explained in the undersigned's prior Report and Recommendation, [R. 370], Defendant must first be authorized by the court of appeals before filing a successive petition, and based upon the record, his most

1

recent § 2255 petition is indeed successive and requires authorization from the court of appeals before this court may review it.

Although a second-in-time § 2255 petition is not always considered "successive," see, e.g., U.S. v. Pena, 233 F.3d 170, 175 (2d Cir. 2000), In re Williams, 444 F.3d 233, 236 (4th Cir. 2006), Defendant's § 2255 petition is truly successive because it does not actually present a Johnson-based claim that otherwise could not have been brought prior to the 2015 holding in Johnson. A valid Johnson claim – a claim showing that a defendant's sentence was actually enhanced specifically under the now-invalidated residual clauses of either the Armed Career Criminal Act or U.S. Sentencing Guidelines – is quite a narrow standard to meet, and frequently, defendants making Johnson-related filings have misunderstood the case's application to their own circumstances, rendering their motions meritless.

Oceanus Perry is one such Defendant. His second-in-time § petition presents a single claim – that he is entitled to relief because his sentence was enhanced under the unconstitutional residual clause of U.S.S.G. § 4B1.2(a)(2), [R. 374 at 5] – but his enhancement as a career offender was not based upon the residual clause. His Presentence Investigation Report explains:

> [D]efendant has twice been convicted of armed bank robbery and use of a firearm during a crime of violence (U.S. District Court, Cases #02-CR-92 and #CR-2-02-159). Since the instant offense involves assault of a federal officer and possession of a prohibited object (a weapon) and the defendant was 18 years or older at the time of its commission, the defendant is a career offender within the meaning of U.S.S.G.§4B1.1. The offense level determined under U.S.S.G. §4B1.1(b)(1)(C) is rather than the lower level previously calculated.

Id. At 15. Accordingly, at his sentencing in 2008, [Rs. 260, 261], Defendant's sentence was enhanced due to two prior felony convictions for bank robbery, combined with the underlying offense of assaulting a federal officer. Where robbery is an enumerated "crime of violence" offense under the 2008 Sentencing Guidelines, the residual clause was not used or implicated. Where the underlying assault offense in violation of 18 U.S.C. § 111 has "as an element the use .

2

. . of physical force," U.S.S.G. §4B1.2(a)(1) (2008), the residual clause was not used or implicated. Defendant's career offender enhancement under U.S.S.G. §4B1.1 was not based upon the residual clause, and Defendant's second-in-time petition for relief is thereby successive where it fails to assert a right newly recognized by the Supreme Court made retroactively applicable to cases on collateral review. See 28 U.S.C. 2255(f)(3). Having considered the matter fully, and being otherwise sufficiently advised,

The previous Report and Recommendation, [R. 370], is hereby INCORPORATED BY REFERENCE in its entirety, and the undersigned RECOMMENDS that this matter be TRANSFERRED to the Sixth Circuit pursuant to 28 U.S.C. § 1631, for a determination of whether Defendant Oceanus Perry should be granted authorization to file a second or successive petition.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed July 7, 2016.



Signed By:
Edward B. Atkins
United States Magistrate Judge