UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Crim. No.: 7:07-cr-0023-GFVT-EBA-4 |
| | ) | Related Civil No.: 7:12-cv-7204-GFVT-EBA |
| V. | ) | |
| | ) | |
| OCEANUS PERRY, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant/Petitioner. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon two Recommended Dispositions filed by United States Magistrate Judge Edward B. Atkins. [R. 370; R. 379.] Mr. Perry seeks to file a subsequent Motion to Vacate under 28 U.S.C. § 2255. However, in order to file a second petition, Mr. Perry must first be granted authorization from the Sixth Circuit. Having received no authorization, the recommendations from Judge Atkins are **ADOPTED** and Mr. Perry's objections are **OVERRULED**.

**I**

Defendant Oceanus Perry was indicted on October 18, 2007, for assaulting, resisting, opposing, impeding, intimidating, and interfering with United States correctional officers, in violation of 18 U.S.C. §§ 111(a)(1) and (b), and for possession of a prohibited object by an inmate at the United States Penitentiary, in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(1). Following a guilty verdict at trial, Mr. Perry was sentenced to a total of 225 months imprisonment. [R. 263.] Upon appeal, the Sixth Circuit affirmed Mr. Perry's conviction and sentence. [R. 291.] The Supreme Court of the United States denied his petition for writ of

certiorari in 2011. [R. 294.] In March of 2012, Mr. Perry filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255. [R. 321.] Consistent with local practice, Magistrate Judge Edward B. Atkins prepared a Report and Recommendation, and recommended this Court deny Mr. Perry's motion. [R. 340.] Ultimately, this Court adopted that Recommended Disposition, overruling Mr. Perry's objections and entering judgment in favor of the United States. [R. 358.]

Shortly thereafter, Mr. Perry filed a Motion for Leave to File Second and Successive Motion to Vacate under 28 § 2255. [R. 369.] Judge Atkins recommended this Court transfer the matter to the Court of Appeals for the Sixth Circuit. [R. 370.] Mr. Perry filed no objections to this Recommendation. Instead, he filed another Motion to Vacate. [R. 374.] Judge Atkins prepared a second Report and Recommendation, again recommending this matter to the Sixth Circuit. [R. 379.] To this, Mr. Perry filed a document styled as "Objections" to the magistrate's report, but the filing itself is a memorandum in support of his § 2255 motion. [R. 387.]

## II

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Mr. Perry's objections, even under the less stringent standard applied to pleadings

2

made by *pro se* litigants, are not sufficiently specific to trigger *de novo* review. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Even so, the Court has reviewed Judge Atkins's Recommendations and agrees with his conclusions.

Mr. Perry has already filed a Motion to Vacate under § 2255, which was dismissed by this Court. [R. 358.] Pursuant to 28 U.S.C. § 2244(b)(3)(A), before this Court may consider a second or successive habeas petition, Mr. Perry must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." Judge Atkins determined, and Mr. Perry does not contest, that this petition for relief is successive pursuant to 28 U.S.C. § 2255(f)(3). [R. 379 at 3.] Accordingly, the Court cannot resolve Mr. Perry's motion without permission from the Sixth Circuit. Following the Recommendations of Judge Atkins, Mr. Perry petitioned the Sixth Circuit for authorization, and the Sixth Circuit denied this request.. [R. 400.] Therefore, Mr. Perry's Motion to Vacate must also be denied.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Atkins's Recommendation. Further, because the Sixth Circuit has denied authorization for Mr. Perry's successive motion to vacate, the Court has no jurisdiction to consider his claims. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant Oceanus Perry's Objections to the Recommended Disposition [**R. 387**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Dispositions [**R. 370; R. 379**] is **ADOPTED** as and for the Opinion of this Court;

3. The Defendant's Motion for Leave to File Second and Successive § 2255 Motion [**R. 369**] is **DENIED**;

4. The Defendant's Motion to Vacate under § 2255 [**R. 374**] is **DISMISSED WITH PREJUDICE**;

5. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 6th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge